[Cite as *Quinlan-Hall v. Sts. Peter & Paul Cemetery Assn., Inc.*, 2026-Ohio-2849.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CAROL QUINLAN-HALL, | : | APPEAL NO. C-250280 |
| | | TRIAL NO. A-2400102 |
| Plaintiff-Appellant, | : | |
| and | : | |
| TOM HALL, | : | *JUDGMENT ENTRY* |
| Plaintiff, | : | |
| vs. | : | |
| STS. PETER AND PAUL CEMETERY ASSOCIATION, INC., | : | |
| | : | |
| and | : | |
| | : | |
| CARL SLUSHER, | : | |
| Defendants-Appellees. | : | |
| | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**
**Enter upon the journal of the court on 7/24/2026 per order of the court.**

# OHIO FIRST DISTRICT COURT OF APPEALS

By:_____
       **Administrative Judge**

[Cite as *Quinlan-Hall v. Sts. Peter & Paul Cemetery Assn., Inc.*, 2026-Ohio-2849.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CAROL QUINLAN-HALL, | : | APPEAL NO. C-250280 |
| | | TRIAL NO. A-2400102 |
| Plaintiff-Appellant, | : | |
| and | : | |
| TOM HALL, | : | *O P I N I O N* |
| Plaintiff, | : | |
| vs. | : | |
| STS. PETER AND PAUL CEMETERY ASSOCIATION, INC., | : | |
| | : | |
| and | : | |
| CARL SLUSHER, | : | |
| Defendants-Appellees. | : | |
| | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 24, 2026

*Repper-Pagan Law, Ltd.,* and *Christopher J. Pagan*, for Plaintiff-Appellant,

*Reminger Co., LPA, Timothy B. Spille*, and *Brianna M. Prislipsky* for Defendants-Appellees.

**MOORE, Judge.**

{¶1} Plaintiff-appellant Carol Quinlan-Hall ("Hall") appeals from the Hamilton County Court of Common Pleas Court's grant of summary judgment in favor of defendants-appellees Sts. Peter and Paul Cemetery Association, Inc., ("SPPCA") and Carl Slusher (collectively "defendants"). SPPCA manages a cemetery, and Slusher served as the cemetery's sexton. In her sole assignment of error, Hall argues that genuine issues of material fact rendered the court's grant of summary judgment improper. We disagree and affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶2} While Hall and her husband were visiting the gravesite of her late father, she was injured when the gravestone marking the grave fell on her. Hall filed a lawsuit against SPPCA and Slusher, who worked for SPPCA at the time as the sexton.[1] Hall asserted claims for negligence, vicarious liability via express or implied agency, and vicarious liability via apparent agency, and her husband asserted a claim for loss of consortium.

{¶3} During her deposition, Hall testified that on April 15, 2022, she and her husband were decorating her father's gravestone. While her husband was handing Hall flowers over the top of the gravestone, the stone fell forward, crushed Hall's left foot, and caused her to fall. Hall sustained injuries to her foot and wrist as a result.

{¶4} Hall testified that in 2019 or 2020, she had complained to Slusher about an issue with the tilt of the gravestone. Hall claimed that she and her husband found Slusher in the cemetery, and that her husband exited from the car to speak with Slusher while Hall remained in the car. Hall explained that when her husband

---

[1] The position of sexton is akin to that of a groundskeeper for the cemetery.

returned, he told her that he had given Slusher $20, and Slusher had agreed to correct the gravestone's tilt.

{¶5} In his affidavit, Hall's husband stated that he spoke with Slusher about fixing the gravestone in 2017, and that Slusher accepted payment and corrected the tilt. Her husband also explained in his affidavit that on the date of the incident, he may have brushed against the headstone prior to it falling over.

{¶6} During his deposition, Slusher insisted that he only completed work that was assigned to him by the SPPCA board, and that his assigned work entailed grading the burial plots to ensure that the graves were level with the surrounding ground and landscaping. Slusher testified that in his 22 years as the cemetery's sexton, he was never made aware of any issues with any of the gravestones or their foundations and that he never completed repair work for an individual plot holder. Slusher clarified that plot holders were obligated to purchase gravestones and use third-party vendors to facilitate their installation of the headstone or monument. As it related to Hall's lawsuit, Slusher denied ever speaking with the Halls, accepting money from them, or completing any remedial work on their family's headstone.

{¶7} SPPCA's bylaws, which were entered into the record, set forth the duties of the cemetery's sexton. These duties included attending to all improvements in the cemetery "such as grading, planting, trimming, around markers, and keeping the same in proper order." Under the section concerning headstones, the bylaws provided that only the sexton may place the foundations of headstones, but were silent on the installation of headstones.

{¶8} Following the close of discovery, defendants filed a motion for summary judgment. The motion was premised on three arguments: (1) that the defendants did not own or control the headstone, (2) that they did not owe a duty to Hall because they

lacked notice of the alleged hazard, and (3) the lack of prior incidents made the harm unforeseeable. Hall opposed summary judgment.

**{¶9}** The court granted defendants' summary-judgment motion on the bases that the hazard was open and obvious, defendants did not have notice of the alleged hazard, and defendants had no duty to maintain the premises in a safe condition.

**{¶10}** This appeal followed.

## II. Analysis

**{¶11}** Hall raises one assignment of error, arguing that the court erred in granting defendants' motion for summary judgment. For the reasons explained below, we affirm the trial court's grant of summary judgment in favor of both defendants.

### A. Summary Judgment

**{¶12}** We review a trial court's grant of summary judgment de novo. *Environment Solutions & Innovations, Inc. v. Edge Engineering & Science, LLC*, 2023-Ohio-2605, ¶ 6 (1st Dist.), citing *Mid-Century Ins. Co. v. Stites*, 2021-Ohio-3839, ¶ 10 (1st Dist.). Pursuant to Civ.R. 56(C), "summary judgment shall be granted when the filings in the action, including depositions and affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Finn v. Seiser*, 2024-Ohio-5288, ¶ 23 (1st Dist.), quoting *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 2002-Ohio-2220, ¶ 24. During our review, we must construe all evidence in a light most favorable to the nonmoving party. *QFS Transp., LLC v. Wall St. Sys.*, 2021-Ohio-1323, ¶ 7 (1st Dist.); *Walker v. Albers Ins. Agency*, 2019-Ohio-1316, ¶ 9 (1st Dist.).

### B. SPPCA is not Vicariously Liable for Slusher's Alleged Negligence

**{¶13}** It has long been established in Ohio that an employer may be vicariously liable for the negligence of an employee under the tort doctrine of respondeat superior.

6

*Clawson v. Hts. Chiropractic Physicians, LLC*, 2022-Ohio-4154, ¶ 12, citing *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 444-445 (1994). However, liability under the doctrine of respondeat superior is limited to the instances in which the tort committed by an employee was committed while in the scope of their employment. *Groob v. Keybank*, 2006-Ohio-1189, ¶ 42.

{**¶14**}  Hall cannot put forth a meritorious claim against SPPCA. SPPCA did not owe a duty to Hall because it did not own or control the headstone. While SPPCA's bylaws reflect that it had a duty to grade the hill and maintain the foundation, Hall has failed to link any dereliction of these duties to the headstone's fall. *See Rieger v. Giant Eagle, Inc.* 2019-Ohio-3745, ¶ 10 (a party's failure to prove any one of duty, breach, causation, or damages dooms their negligence claim).

{**¶15**}  While Hall alleges that Slusher accepted payment and repaired the headstone, this is insufficient to attach liability to SPPCA. Any work that Slusher allegedly completed in restoring the headstone was done outside the scope of his employment with SPPCA. Slusher testified that all headstone mounting was completed by third-party vendors, and that the work he completed on the headstone was limited to the laying of the grave's foundation. Hall's allegation that Slusher accepted payment and agreed to repair the headstone, even if construed in a light most favorable to Hall, reflects that Slusher acted outside the scope of his employment.

{**¶16**}  Therefore, the trial court did not err when it granted defendants' motion for summary judgment as it relates to Hall's claims against SPPCA.

### C.  *Plaintiff's Claim Against Slusher Fails Because She Failed to Demonstrate a Material Question of Fact Regarding Causation*

{**¶17**}  A negligence claim fails if the party bringing the claim fails to prove any one of the elements of the claim, i.e., duty, breach, causation, or damages. *Rieger,*

2019-Ohio-3745, at ¶ 10. Here, Hall's claims against Slusher fail due to the dearth of evidence establishing causation.

{¶18} "Generally, causation is a question of fact for the jury; however, before the question may be submitted to the jury, the plaintiff must present some evidence." *Id.* at ¶ 11. Speculation alone is insufficient to establish causation. *Milatz v. City of Cincinnati*, 2019-Ohio-3938, ¶ 13 (1st Dist.), citing *McLain v. Equitable Life Assur. Co. of U.S.*, 1996 Ohio App. LEXIS 926, *7 (1st Dist. March 13, 1996) (holding summary judgment was proper when plaintiff stated "she had no idea" how she fell); *Id.*, citing *Rosenbrook v. Lucas Cty. Bd. of Commrs.*, 2015-Ohio-1793, ¶ 50 (6th Dist.) (holding summary judgment was appropriate when the plaintiff could not state that the curled rug caused her fall and only saw it after she fell); *Id.*, citing *Bozsik v. Aldi, Inc.*, 2006-Ohio-5880, ¶ 9 (9th Dist.) ("Without more than conjecture about what caused her fall at the Aldi store, [the appellant] is precluded from establishing a negligence claim.").

{¶19} Here, while Hall alleges that Slusher is responsible for the headstone's fall, she testified that the headstone's tilt was corrected after Slusher repaired it, and that it remained corrected for anywhere between two and five years. Neither Hall nor her husband alleged that during their frequent visits to the cemetery they observed any tilt or other defects in the headstone between the date Slusher allegedly repaired the tilt and the date of the accident some five years later. Hall's allegation that Slusher's negligence caused the headstone to fall is simply too speculative based on the record before this court to establish a genuine dispute of material fact as to whether Slusher's negligence was the cause of Hall's injury.

{¶20} We hold that Hall has failed to raise a genuine dispute of material fact as to whether Slusher's negligence caused her injuries.

**{¶21}** Accordingly, Hall's sole assignment of error is overruled.

### *III. Conclusion*

**{¶22}** Having overruled Hall's sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**KINSLEY, P.J.,** and **ZAYAS, J.,** concur.